**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 15, 2009

Charles R. Fulbruge III
Clerk

No. 08-20408
Summary Calendar

LINDY WATKINS,

Plaintiff-Appellant,

versus

HENRY PAULSEN, Secretary of the Treasury,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:06-CV-1753

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Lindy Watkins appeals a summary judgment in her employment discrim-ination action against the Secretary of the Treasury ("the Treasury"). We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Watkins—a black woman over the age of forty employed by the Department of the Treasury—received a score of 3.0 out of 5.0 in her yearly job performance review for the fiscal year ending in May 2004 (the "2004 review").[1] She filed an Equal Employment Opportunity ("EEO") administrative complaint, which was denied, then brought the present lawsuit alleging that the 2004 review constituted (1) discrimination on the basis of race and sex and (2) retaliation for EEO administrative complaints she first filed over twenty months earlier, all in violation of title VII of the Civil Rights Act of 1964 ("title VII"), 42 U.S.C. §§ 2000e *et seq.* She also alleged that the 2004 review constituted (3) discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and (4) that she was subject to a hostile work environment in violation of title VII. The district court adopted the magistrate judge's memorandum and order granting the Treasury summary judgment on all four of Watkins's claims.[2]

Summary judgment is appropriate where "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "This Court reviews grants of summary judgment *de novo*, applying the same standard as does a district court, viewing the evidence in a light most favorable to the non-movant." *Lauderdale v. Texas Dep't of Criminal*

---

[1] That score corresponds to a description of "fully successful" under the evaluation rubric used in Watkins's case.

[2] Watkins's complaint included various tort claims and claims related to subsequent job performance reviews, but Watkins withdrew them in her response to the Treasury's motion for summary judgment. They are therefore deemed waived. *See Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 588 n.1 (5th Cir. 2006) ("[F]ailure to pursue this claim beyond her complaint constituted abandonment.*"*). Watkins has briefed appeals from dismissal of her discrimination and retaliation claims, but not her hostile work environment claim. The latter claim is therefore waived as well. *See United States v. Thames*, 214 F.3d 608, 612 n.3 (5th Cir. 2000) (waiver for failure to brief).

*Justice*, 512 F.3d 157, 162 (5th Cir. 2007) (quoting *Fruge ex rel. Fruge v. Parker Drilling Co.*, 337 F.3d 558, 560 (5th Cir. 2003)). We review questions of law *de novo*.

## II.

To avoid summary judgment on her claims of discrimination on the basis of sex, race, and age, Watkins had to raise a genuine issue of material fact on each element of the *prima facie* case of discrimination. *See Johnson v. Louisiana*, 351 F.3d 616, 621-22 (5th Cir. 2003). Those four elements include showings that the plaintiff

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (per curiam). Essentially the same framework applies to both title VII and ADEA claims. *Compare id.* (title VII) *with Rachid v. Jack In The Box, Inc.*, 376 F.3d 305, 309 (5th Cir. 2004) (ADEA).

The district court concluded that Watkins does not satisfy the second two elements. In finding that she had failed to show an adverse employment action, the court employed the "ultimate employment decision" test that our precedents require: "[A]dverse employment actions include only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating."[3] Watkins responds that *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), abrogates that definition in favor of a broader one that more easily accommodates her lower-than-expected job performance review.

---

[3] *See McCoy*, 492 F.3d at 559 (quoting *Green v. Adm'rs of Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002)).

That is incorrect. The *Burlington Northern* Court held that the range of employer actions prohibited by title VII's anti-retaliation provisions is broader than the range covered by its anti-discrimination provisions.[4] "[O]ur precedent recognizing only 'ultimate employment decisions' as actionable adverse employment actions remains controlling for title VII discrimination claims[.]" *McCoy*, 492 F.3d at 560. The district court's statement of the law is therefore accurate.[5]

The 2004 review itself, standing alone, plainly does not satisfy the ultimate-employment-decision test, nor has Watkins brought evidence––other than her own conclusory assertions––to show that any ultimate employment decisions flowed from it. Without an "objective showing of a loss in compensation, duties, or benefits," there is no adverse employment action. *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 283 (5th Cir. 2004). The district court rightly concluded that Watkins has not made a *prima facie* case of an adverse employment decision.

As to the fourth prong of the test, Watkins relies on differences between the midyear job performance feedback she received and that given to two of her younger, male colleagues before their respective 2004 evaluations. Specifically, she claims that her feedback was less clear and detailed than was theirs.[6] Because we sustain the district court's finding that Watkins failed to demonstrate any adverse employment action, we affirm the summary judgment on her discrimination claims regardless of whether she showed disparate treatment. We

---

[4] *See Burlington N.*, 548 U.S. at 67 ("For these reasons, we conclude that title VII's substantive provision and its anti-retaliation provision are not coterminous. The scope of the anti-retaliation provision extends beyond workplace-related or employment-related retaliatory acts and harm.").

[5] Watkins relies on cases such as *Mattern v. Eastman Kodak Co.*, 104 F.3d 702 (5th Cir. 1997), in urging that title VII's retaliation provisions are in fact narrower than its discrimination provisions. Because *Burlington Northern* held the opposite, there is no reason to rely on abrogated precedent.

[6] Watkins does not appear to assert that she was treated less favorably in the evaluation itself. The district court found no evidence to support such an assertion.

agree, though, with the district court that Watkins's feedback was quite thorough and not materially "less favorable."

### III.

Watkins argues that her score on the 2004 review was retaliation for separate and unrelated EEO complaints she filed in July 2002 and September 2003. To establish a *prima facie* case of retaliation, she must show that "(1) [she] participated in an activity protected by title VII; (2) [her] employer took an adverse employment action against [her]; and (3) a causal connection exists between the protected activity and the adverse employment action." *McCoy*, 492 F.3d at 556-57. Although Watkins's prior EEO complaints satisfied the first prong of this test, she plainly has not satisfied the third.

The district court's conclusion that Watkins has failed to establish the necessary causal connection between her EEO complaint and her 2004 review is adequate to justify summary judgment. Although mere temporal proximity may be sufficient *prima facie* evidence (though not *proof*) of causation, the proximity must be close where there is no other such evidence. *See Strong v. Univ. HealthCare Sys., L.L.C.*, 482 F.3d 802, 808 (5th Cir. 2007).

We agree that the twenty-two-month delay between Watkins's 2002 EEO complaint and her 2004 evaluation is far too distant to establish a *prima facie* case.[7] We note in addition that in the summer of 2003, while her 2002 complaint (then ten months old) was still pending, Watkins received a score of 4.0 on her review for the fiscal year ending in May 2003. It was not until later that sum-

---

[7] *See Strong*, 482 F.3d at 802 (stating that three and one-half months is insufficient to show causation); *Grizzle v. Travelers Health Network, Inc.*, 14 F.3d 261, 268 (5th Cir. 1994) (concluding that ten-month delay "does not support an inference of retaliation, and rather, suggests that a retaliatory motive was highly unlikely"); *Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) ("Action taken (as here) 20 months later suggests, by itself, no causality at all.").

mer, two months before she filed her September EEO complaint, that her supervisor began giving her "interim notices" of decreased performance that were later reflected on her 2004 review. To the extent that her evaluation was lower in 2004 than before, the record shows that the same is true of all of her co-workers. This undermines any inference that she was singled out for harsh treatment.

Because we affirm on the district court's finding that the third prong is unsatisfied, we need not consider whether Watkins's score on her 2004 review constituted an adverse employer action. She claims to have been mistreated by her supervisors, but most of the behavior she alleges does not rise beyond the level of "petty slights, minor annoyances, and simple lack of good manners that employees regularly encounter in the workplace, and which the Supreme Court has recognized are not actionable retaliatory conduct." *Aryain v. Wal-Mart Stores Tex. LP*, 534 F.3d 473, 485 (5th Cir. 2008). To the extent that Watkins alleges more serious misconduct by her superiors, she presents no evidence in support.

AFFIRMED.